IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 11-cv-00471-WDM-MJW

EDWARD MIKE DAVIS, L.L.C., a Nevada limited liability company,

**Plaintiff / Counterclaim Defendant,**

v.

RECOVERY ENERGY, INC., a Nevada corporation,
DONNA ANN GABRIELE CHECHELE, a New Jersey resident,

**Defendants / Counterclaim and Cross-claim Plaintiffs,**

v.

EDWARD MIKE DAVIS, a Nevada resident,

**Third-Party Defendant.**

---

**NOTICE OF SETTLEMENT
AND UNOPPOSED MOTION TO APPROVE SETTLEMENT AGREEMENT
AND DISMISS THIS ACTION WITH PREJUDICE OR, IN THE ALTERNATIVE,
TO ADJOURN INDEFINITELY THE SETTLEMENT CONFERENCE
CURRENTLY SCHEDULED FOR JULY 25, 2011**

---

Pursuant to Federal Rules of Civil Procedure 6(b)(1)(A), 16(b)(4), and 41 and Local Civil Rules of Practice 16.6 and 40.2, Defendant, Counterclaim Plaintiff, Crossclaim Plaintiff, and Third-Party Plaintiff Donna Ann Gabriele Chechele ("Chechele") hereby (a) notifies this Court that the parties have settled the matter captioned above; and (b) moves this Court (i) to approve the Settlement Agreement (as defined below) and dismiss this action with prejudice by entering the Order attached hereto as Exhibit A; or (ii) in the event that this Court cannot immediately

approve the Settlement Agreement and dismiss this action, to enter the Order attached hereto as Exhibit B adjourning indefinitely the Settlement Conference (as defined below).

In support of this motion, Chechele states as follows:

## CERTIFICATION REGARDING CONFERRAL

1. Pursuant to Local Civil Rule of Practice 7.1(A), undersigned counsel hereby certifies that he has conferred with counsel for each other party in this matter, and none of such other parties' counsel opposes any part of this motion.

## AUTHORITY FOR MOTION

2. *Notice of Settlement.* Local Civil Rule of Practice 40.2(C) provides: "Whenever the parties have agreed to settle or otherwise resolve a pending matter, they shall immediately notify the court in writing. The court may provide a deadline for the filing of settlement papers or a stipulation of dismissal."

3. *Motion To Approve the Settlement Agreement and Enter a Stipulated Order of Dismissal.* Federal Rule of Civil Procedure 41(a)(1)(ii) provides that an action can be voluntarily dismissed through "a stipulation of dismissal signed by all parties who have appeared," and Federal Rule of Civil Procedure 41(a)(2) provides for dismissal of an action "by court order, on terms that the court considers proper."

4. *Motion To Adjourn the Settlement Conference Indefinitely.*

    (a) Federal Rule of Civil Procedure 6(b)(1)(A) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before

the original time or its extension expires."

(b)     Federal Rule of Civil Procedure 16(b)(4) permits a schedule to be modified "for good cause and with the judge's consent."

(c)     Local Civil Rule of Practice 16.6 provides that "[t]o facilitate settlement or resolution of the suit, the district judge or a magistrate judge exercising consent jurisdiction may stay the action in whole or in part during a time certain or until further order."

**NOTICE OF SETTLEMENT**

5.     Pursuant to Local Civil Rule of Practice 40.2(C), the Court is hereby respectfully notified that the parties have executed a definitive agreement to settle this matter in full.

**MOTION TO APPROVE THE SETTLMENT AGREEMENT
AND ENTER A STIPULATED ORDER OF DISMISSAL**

6.     After substantial arm's-length negotiations, the parties have knowingly and voluntarily agreed to settle this matter upon the terms and subject to the conditions set forth in the Settlement Agreement dated as of July 22, 2011 (the "Settlement Agreement") and attached hereto as Annex A to Exhibit A.  Pursuant to the Settlement Agreement, the Parties have also prepared and executed the Stipulated Order of Dismissal (the "Stipulated Order of Dismissal") attached hereto as Exhibit A.

7.     The Settlement Agreement provides for a cash payment from Edward Mike Davis and Edward Mike Davis, L.L.C. (collectively "Davis") to Recovery Energy, Inc. (the "Company") in a gross amount equal in the aggregate to $100,000 (the "Payment").  Once paid, the Payment will extinguish, upon the terms and subject to the conditions set forth in the

Settlement Agreement, any and all liability that Davis may have to the Company or Chechele. The Payment is fair, reasonable, and adequate to the Company and its securityholders in light of (i) the considerable denials and affirmative defenses Davis has raised to any liability; (ii) the Company's conclusion that Chechele's counterclaims, crossclaims, and third-party claims are without merit; (iii) the zeal and skill with which Davis's counsel has defended, and would continue to defend, the claims against their clients; and (iv) the substantial risk that Chechele could not recover funds from Davis in an amount greater than the Payment through more extensive proceedings, including any trial and appeals.

8.   The Settlement Agreement provides further that the Company, upon its receipt of the Payment, will make a cash payment in a gross amount equal to $38,000 to undersigned counsel's law firm in consideration for its services on behalf of Chechele (the "Fee"). The Fee is inclusive of all costs and expenses incurred by Chechele or her counsel in connection with this matter and does not come due unless and until the Company receives the Payment. Once paid, the Fee will extinguish, upon the terms and subject to the conditions set forth in the Settlement Agreement, any and all liability that the Company may have to Chechele or to undersigned counsel's law firm. The Fee is fair, reasonable, and adequate to the Company and its securityholders in light of (i) the substantial and tangible benefits conferred upon the Company, in the form of the Payment, by Chechele's counsel; (ii) the substantial time and out-of-pocket expense incurred by Chechele's counsel in identifying, researching, negotiating, and prosecuting Chechele's claim for the Company's benefit and in traveling cross-country to do so; (iii) the skill and zeal with which Chechele's counsel has prosecuted her claim for the Company's benefit; (iv) the contingent nature of counsel's fee arrangement with Chechele and the corresponding risk

counsel bore in accepting an engagement without any guarantee of remuneration for its time and out-of-pocket expenses; and (v) the consent of all parties to the Fee after arm's-length negotiations.

9. The Stipulated Order of Dismissal provides for the approval of the Settlement Agreement and the dismissal with prejudice of all claims, defenses, counterclaims, cross-claims, and third-party claims that were or could have been made by any party to this matter. The Stipulated Order of Dismissal provides further that the Court will retain jurisdiction over the parties for the purpose of enforcing the Settlement Agreement or the Stipulated Order of Dismissal.

10. In light of all the circumstances, the terms of the Settlement Agreement and the Stipulated Order of Dismissal are fair, reasonable, and adequate to all parties. The Court should approve the Settlement Agreement and enter the Stipulated Order of Dismissal.

## MOTION TO ADJOURN THE SETTLEMENT CONFERENCE

11. Pursuant to the Court's Scheduling Order, Docket No. 37 (the "Scheduling Order"), the parties are expected to appear in Court for a settlement conference on Monday, July 25, 2011 (the "Settlement Conference").

12. The Settlement Conference is now unnecessary, as the parties have already reached a fully executed definitive agreement to settle this matter in full. Unless adjourned, the Settlement Conference will squander scarce judicial resources and burden the parties and their counsel with additional legal fees, lost time, and lodging and travel expenses.

13. In a minute order issued on July 19, 2011, the Court refused to grant Chechele's then-pending unopposed motion to vacate the Scheduling Order and stay this action because

"[t]here is not a full and complete settlement reached in this case." A full and complete settlement has now been reached. Even if the Court cannot immediately approve the Settlement Agreement and enter the Stipulated Order of Dismissal, it should still adjourn the Settlement Conference.

14. A proposed order adjourning the Settlement Conference indefinitely is attached hereto as Exhibit B.

**REQUEST FOR RELIEF**

15. Chechele therefore respectfully requests that this Court (i) approve the Settlement Agreement by entering the Stipulated Order of Dismissal attached hereto as Exhibit A dismissing the action with prejudice; or (ii) in the event the Court cannot approve the Settlement Agreement and enter the Stipulated Order of Dismissal immediately, enter the order attached hereto as Exhibit B adjourning indefinitely the Settlement Conference.

Dated: July 22, 2011
      New York, New York

/s/ James A. Hunter

James A. Hunter
HUNTER & KMIEC
150 East 44th Street, No. 9A
New York, New York  10017
Phone:  (646) 666-0122
Fax:     (646) 462-3356
E-Mail: hunter@hunterkmiec.com

*Attorneys for Defendant, Counterclaim Plaintiff, Crossclaim Plaintiff, and Third-Party Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2011 I caused a true and correct copy of Defendant, Counterclaim Plaintiff, Crossclaim Plaintiff, and Third-Party Plaintiff Donna Ann Gabriele Chechele's Notice of Settlement and Unopposed Motion To Approve Settlement Agreement and Dismiss This Action with Prejudice or, in the Alternative, to Adjourn Indefinitely the Settlement Conference Currently Scheduled for July 25, 2011 on the following persons in the following manner:

*By electronic filing through ECF:*

| | |
|---|---|
| Timothy R. Beyer, Esq. (tbeyer@bhfs.com) | Jeff D. Whitney, Esq. (Jeff.Whitney@huschblackwell.com) |
| Michael D. Hoke, Esq. (mhoke@bhfs.com) | Matthew J. Smith, Esq. (Matt.Smith@huschblackwell.com) |
| *Counsel for Recovery Energy, Inc.* | *Counsel for Edward Mike Davis, L.L.C. and Edward Mike Davis* |

*By U.S. mail:*

Donna Ann Gabriele Chechele
250 Ridgedale Avenue, Unit Q8
Florham Park, New Jersey  07932

*Moving Counsel's Client*

Dated: July 22, 2011
New York, New York

/s/ James A. Hunter
James A. Hunter