# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Case No. 11-cv-00471-WDM-MJW

EDWARD MIKE DAVIS, L.L.C., a Nevada limited liability company,

**Plaintiff / Counterclaim Defendant,**

v.

RECOVERY ENERGY, INC., a Nevada corporation,
DONNA ANN GABRIELE CHECHELE, a New Jersey resident,

**Defendants / Counterclaim and Cross-Claim Plaintiff / Cross-Claim Defendant / Third-Party Plaintiff,**

v.

EDWARD MIKE DAVIS, a Nevada resident,

**Third-Party Defendant.**

## STIPULATED ORDER APPROVING SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE

This action came before the Court upon the pleadings and proceedings of record, and the parties have asked the Court to approve their Settlement Agreement (the "Agreement") providing for the compromise and settlement of this Action and all claims, defenses, counterclaims, cross-claims, and third-party claims that were or could have been brought in this Action.

WHEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.  The Agreement, a copy of which is attached as Annex A hereto, is hereby approved in its entirety as fair, adequate, and reasonable to Recovery Energy, Inc. and the securityholders thereof.

2.	All claims, defenses, counterclaims, cross-claims, and third-party claims that were or could have been made by any Plaintiffs against any Defendants or by any Defendants against any Plaintiffs relating to this Action are hereby DISMISSED WITH PREJUDICE.

3.	This Court retains jurisdiction over the parties for the purpose of enforcing the Agreement or any action relating to the enforcement of this Order.

SO ORDERED:

Date:_____	_____
United States District Judge

STIPULATED AND AGREED TO:

HUNTER & KMIEC

By: _____
James A. Hunter

150 East 44th Street, No. 9A
New York, NY 10017
Telephone: (646) 666-0122
Facsimile: (646) 462-3356
hunter@hunterkmiec.com

*Attorneys for Donna Ann Gabriele Chechele*

HUSCH BLACKWELL LLP

By: _____
Jeffery D. Whitney

1700 Lincoln Street, Suite 4700
Denver, CO 80203
Telephone: (303) 749-7200
Facsimile: (303) 749-7272
jeff.whitney@huschblackwell.com

*Attorneys for Edward Mike Davis, L.L.C. and Edward Mike Davis*

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: _____
Michael D. Hoke

410 Seventeenth Street, Suite 2200
Denver, CO 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-8017
mhoke@bhfs.com

*Attorneys for Recovery Energy, Inc.*

2. All claims, defenses, counterclaims, cross-claims, and third-party claims that were or could have been made by any Plaintiffs against any Defendants or by any Defendants against any Plaintiffs relating to this Action are hereby DISMISSED WITH PREJUDICE.

3. This Court retains jurisdiction over the parties for the purpose of enforcing the Agreement or any action relating to the enforcement of this Order.

SO ORDERED:

Date:_____

_____
United States District Judge

STIPULATED AND AGREED TO:

HUNTER & KMIEC

By: _____
James A. Hunter

150 East 44th Street, No. 9A
New York, NY 10017
Telephone: (646) 666-0122
Facsimile: (646) 462-3356
hunter@hunterkmiec.com

*Attorneys for Donna Ann Gabriele Chechele*

HUSCH BLACKWELL LLP

By: _____
Jeffery D. Whitney

1700 Lincoln Street, Suite 4700
Denver, CO 80203
Telephone: (303) 749-7200
Facsimile: (303) 749-7272
jeff.whitney@huschblackwell.com

*Attorneys for Edward Mike Davis, L.L.C. and Edward Mike Davis*

BROWNSTEIN HYATT FARBER
SCHRECK, LLP

By: _____
Michael D. Hoke

410 Seventeenth Street, Suite 2200
Denver, CO 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-8017
mhoke@bhfs.com

*Attorneys for Recovery Energy, Inc.*

2.   All claims, defenses, counterclaims, cross-claims, and third-party claims that were or could have been made by any Plaintiffs against any Defendants or by any Defendants against any Plaintiffs relating to this Action are hereby DISMISSED WITH PREJUDICE.

3.   This Court retains jurisdiction over the parties for the purpose of enforcing the Agreement or any action relating to the enforcement of this Order.

SO ORDERED:

Date:_____

_____
United States District Judge

STIPULATED AND AGREED TO:

| HUNTER & KMIEC | HUSCH BLACKWELL LLP |
|---|---|
| By: _____<br>James A. Hunter | By: _____<br>Jeffery D. Whitney |
| 150 East 44th Street, No. 9A<br>New York, NY 10017<br>Telephone: (646) 666-0122<br>Facsimile: (646) 462-3356<br>hunter@hunterkmiec.com | 1700 Lincoln Street, Suite 4700<br>Denver, CO 80203<br>Telephone: (303) 749-7200<br>Facsimile: (303) 749-7272<br>jeff.whitney@huschblackwell.com |
| *Attorneys for Donna Ann Gabriele Chechele* | *Attorneys for Edward Mike Davis, L.L.C. and Edward Mike Davis* |

BROWNSTEIN HYATT FARBER
SCHRECK, LLP

By:  *[signature]*
     Michael D. Hoke

410 Seventeenth Street, Suite 2200
Denver, CO 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-8017
mhoke@bhfs.com

*Attorneys for Recovery Energy, Inc.*

# SETTLEMENT AGREEMENT

This Agreement is made effective as of the 22nd day of July, 2011, by and among Recovery Energy, Inc., a Nevada corporation (the "Company"); Edward Mike Davis ("Davis"); Edward Mike Davis, L.L.C. (the "LLC"); Donna Ann Gabriele Chechele, individually and, with respect to the Claim (as defined below), on behalf of the Company (the "Stockholder"); and Hunter & Kmiec, counsel to the Stockholder ("Counsel" and, collectively with the Company, the LLC, Davis, and the Stockholder, the "Settling Parties") in connection with a claim arising under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act").

WHEREAS, by letter dated December 29, 2010, Counsel, on behalf of the Stockholder, demanded that the Company initiate, and thereafter diligently prosecute, a claim against Davis and his affiliates for recovery of alleged "short-swing" profits under the Act (the "Claim");

WHEREAS the LLC filed a complaint against the Stockholder and the Company in the case styled *Edward Mike Davis, L.L.C. v. Recovery Energy, Inc. et al.*, No. 11-cv-00471-WDM-MJW (D. Colo. filed Feb. 25, 2011), in which the LLC sought a declaratory judgment that the Claim was meritless and that the LLC was not liable to disgorge short-swing profits to the Company under the Act;

WHEREAS, on March 21, 2011, the Stockholder filed an answer to the LLC's complaint, denying that the LLC was entitled to a declaratory judgment, and asserting counterclaims against the LLC, cross-claims against the Company, and a third-party complaint against Davis, collectively alleging that the LLC and Davis were liable to disgorge short-swing profits to the Company;

WHEREAS, the Settling Parties' pleadings described in the immediately preceding two recitals (in each case as amended through the date hereof) and all filings and matters related thereto are herein referred to collectively as the "Litigation";

WHEREAS each of the Settling Parties has denied and continues to deny any and all allegations made against it related to the Claim or the Litigation by each other Settling Party;

WHEREAS the Settling Parties wish to avoid the burden, expense, and uncertainty of continued litigation; and

WHEREAS, the Settling Parties wish forever to settle, compromise, and resolve the Claim and Litigation and all other matters (including attorney's fees) arising from or relating to the Claim or the Litigation;

NOW, THEREFORE, in consideration of the mutual promises contained herein, and for other good and valuable consideration (the receipt and sufficiency of which are hereby acknowledged), the parties hereby agree as follows:

1. "Settled Claim" means any and all claims, liabilities, rights, demands, actions, suits, obligations, debts, damages, loss, costs, causes of action, and judgments of any kind, nature, and description whatsoever, whether direct or derivative, whether at law or in equity, upon any legal or equitable theory, whether contractual, common law, or statutory, whether arising under federal, state, common or foreign law, whether known or unknown, secured or unsecured, contingent or absolute, choate or inchoate, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, perfected or unperfected, matured or unmatured, accrued or unaccrued, apparent or unapparent, in any forum, including arbitration or similar proceedings, that previously existed or that currently exist as of the date hereof or that may arise in the future, that in any way arise out of, are based upon, relate to, or concern the facts, matters, occurrences, allegations, representations, omissions, actions, transactions or conduct alleged, set forth, referred to, involved in, raised in or which could have been raised in the Claim or that relate in any way to Davis's or the LLC's purchases, sales, or alleged purchases or sales of stock in the Company before the execution of this Agreement; provided, however, that the Settled Claim shall not include the right of any Settling Party to enforce the terms of this Agreement.

2. Davis shall pay to the Company (either in his individual capacity or through the LLC or both), in full satisfaction of both Davis's and the LLC's liability with respect to the Settled Claim, a cash sum equal in the aggregate to US$100,000.00, such payment to be made in one or more wire transfers of immediately available funds to an account at a financial institution designated by the Company. The payment described in this Section 2 shall be due on or before the fifth business day following the Settlement Date (as defined below).

3. Promptly following the receipt of the funds described in Section 2 hereof, and in no event later than five business days after the receipt of such funds, the Company shall pay to Counsel, in full satisfaction of any claim by Counsel or the Stockholder for attorney's fees in connection with the Settled Claim, a cash sum equal to US$38,000.00, such payment to be made by wire transfer of immediately available funds to an account at a financial institution designated by Counsel.

4. Upon the exchange of signed copies of this Agreement, the Settling Parties will jointly move for an order of the court presiding over the Litigation (the "Court"), substantially in the form attached hereto as Exhibit A, approving this Agreement as fair, adequate, and reasonable to Recovery Energy, Inc. and the securityholders thereof and dismissing the Litigation with prejudice.

5. It shall be a material condition precedent to the obligations of each party hereunder that the Court shall approve all terms of this Agreement and shall dismiss the Litigation in its entirety with prejudice. Following the execution of this Agreement, the parties shall cooperate in good faith to secure the Court's approval and dismissal as soon as possible. Without limiting the generality of the preceding sentence, the Settling Parties agree that (i) this Agreement is fair, adequate, and reasonable to Recovery Energy, Inc. and the securityholders thereof; (ii) each Settling Party, in its appearances before and representations to the Court, will endorse the Agreement in good faith as fair, adequate, and reasonable to Recovery Energy, Inc. and the securityholders thereof and will not take any steps to disparage or otherwise contest the

fairness, adequacy, and reasonableness of the Agreement; and (iii) each Settling Party will use its reasonable best efforts to secure the Court's approval to the Agreement with the minimum degree of notice, hearing, or process consistent with due process and the requirements of the Federal Rules of Civil Procedure. The date upon which the Settling Parties secure the Court's approval of this Agreement and the dismissal of the Litigation is referred to herein as the "<u>Settlement Date</u>".

      6.      The Settling Parties agree that, by entering into this Agreement, Davis and the LLC do not admit that they are liable for any alleged wrongdoing, violation of law, or otherwise have any liability to the Stockholder or the Company. Rather, Davis and the LLC continue to assert that they have no liability to the Stockholder or the Company. This Agreement, and all related documents, shall not be construed as or deemed to be evidence of an admission or concession on the part of Davis or the LLC with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

      7.      Each Settling Party hereby forever releases each other Settling Party from the Settled Claim. Each Settling Party agrees to forever settle, compromise, and extinguish the Settled Claim and, consistent with such intentions, each Settling Party hereby waives its rights under any provision of state law, federal law, foreign law, or common law that may have the effect of limiting the release set forth herein. No Settling Party will, directly, indirectly, or in any representative capacity, take any further action against any other Settling Party in connection with the Settled Claim or matters arising from or relating thereto, and each Settling Party hereby releases each other Settling Party and each of his, her, or its respective agents, representatives, directors, employees, agents, attorneys, advisors, and consultants, from any and all claims arising from or relating to the Settled Claim, including without limitation, any claim for attorney's or other fees or costs.

      8.      This Agreement shall be binding upon and inure to the benefit of each Settling Party and its successors in interest and assigns.

      9.      This Agreement is intended as the full, complete, and exclusive memorial of all matters agreed upon by the Settling Parties and shall supersede all prior representations, negotiations, correspondence, drafts, or memoranda of understanding.

      10.      This Agreement shall not be orally modified in any respect and can be modified only by a written instrument signed by or on behalf of each Settling Party or its successor-in-interest.

      11.      If any provision of this Agreement or any portion thereof is held by any court to be invalid, void, or unenforceable, the remainder of the affected provision and the remaining provisions hereof shall nevertheless continue in full force and effect.

      12.      This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

       13.    This Agreement shall be construed under the substantive laws of the State of Colorado, without regard to its choice of law rules.  Each of the Settling Parties submits to personal jurisdiction in the State of Colorado for any claim to enforce, determine rights with respect to, or to interpret the Agreement.  The Settling Parties to this Agreement agree that the place of performance of this Agreement is Denver, Colorado, and that the appropriate venue for any dispute arising from this Agreement is Denver, Colorado.

[<i>signature page follows</i>]

IN WITNESS WHEREOF, the parties have executed this Agreement as of the first date set forth above.

RECOVERY ENERGY, INC.

By: _*A. Bradley Dotton*_
Name: A. Bradley Gabbard
Title: CFO

EDWARD MIKE DAVIS

By: _____
Name: Edward Mike Davis

EDWARD MIKE DAVIS, L.L.C.

By: _____
Name: Edward Mike Davis
Title:

COUNSEL

By: _____
Name: James A. Hunter
Title: General Partner, Hunter & Kmiec

THE STOCKHOLDER

By: _____
Name: James A. Hunter
Title: Attorney-in-Fact for Donna Ann Gabriele Chechele by Power of Attorney dated as of October 15, 2010

IN WITNESS WHEREOF, the parties have executed this Agreement as of the first date set forth above.

RECOVERY ENERGY, INC.

By: _____
    Name:
    Title:

EDWARD MIKE DAVIS

By: *[signature: Edward Mike Davis]*
    Name: Edward Mike Davis

EDWARD MIKE DAVIS, L.L.C.

By: *[signature: Edward Mike Davis]*
    Name: Edward Mike Davis
    Title: MANAGER

COUNSEL

By: _____
    Name: James A. Hunter
    Title: General Partner, Hunter & Kmiec

THE STOCKHOLDER

By: _____
    Name: James A. Hunter
    Title: Attorney-in-Fact for Donna Ann Gabriele Chechele by Power of Attorney dated as of October 15, 2010

IN WITNESS WHEREOF, the parties have executed this Agreement as of the first date set forth above.

RECOVERY ENERGY, INC.

By: _____
    Name:
    Title:

EDWARD MIKE DAVIS

By: _____
    Name: Edward Mike Davis

EDWARD MIKE DAVIS, L.L.C.

By: _____
    Name: Edward Mike Davis
    Title:

COUNSEL

By: _____/s/ James A. Hunter_____
    Name: James A. Hunter
    Title: General Partner, Hunter & Kmiec

THE STOCKHOLDER

By: _____/s/ James A. Hunter_____
    Name: James A. Hunter
    Title: Attorney-in-Fact for Donna Ann Gabriele Chechele by Power of Attorney dated as of October 15, 2010